PER CURIAM:
This is a claim by the former employees of Chafe Mining, Inc., to recover certain wages to which they would be entitled under the purview of W.Va. Code Chapter 21, Article 5, Section 14, the "Wage Bond Statute."
The Wage Bond Statute requires certain employers engaged in the production of coal to post a bond equal to the total of the employer's gross payroll for four weeks, plus fifteen percent of said total, with the Commissioner of Labor. In the event that an employee does not receive his or her wages and benefits when due, then that employee may recover amounts owed through an attachment against the wage bond.
On December 1, 1981, Telesystems Management and Technical Service Corporation recorded a Uniform Commercial Code Financing Statement with the Raleigh County Clerk. This document granted Telesystems a security interest in certain mining equipment which it had sold *86 to Chafe. An identical U.C.C. form was filed with the West Virginia Secretary of State on December 2, 1981.
On September 20, 1982, the West Virginia Commissioner of Labor was advised by the Attorney General of West Virginia that W.Va. Code Chapter 21, Article 5, Section 14 prohibits the acceptance of collateral for a wage bond.
On September 23, 1982, the Department of Labor accepted the Chafe Mining equipment as collateral for the wage bond in the amount of $115,000.00.
On March 21, 1985, Chafe Mining filed a Chapter 11 bankruptcy and in November 1985, closed its mining operation in Raleigh County.
The evidence establishes that at the time the Department of Labor accepted the equipment for the wage bond, Telesystem had a perfected security interest in the equipment.
As a result of a settlement agreement dated June 10, 1986, the West Virginia Department of labor received $2,000.00 for its claim on the equipment that was the subject matter of the wage bond. This left $113,000.00 outstanding, which should have been available to the Chafe Mining employees.
It is obvious that the purpose of the wage bond statute has failed in this instance as a direct result of the actions of the State agency charged with enforcing it.
The Department of Labor accepted an equipment bond after being advised that they were improper. More importantly, the Department accepted equipment subject to a superior lien, a lien which had been duly recorded.
The Legislature, in passing W.Va. Code Chapter 21, Article 5, Section 14 was attempting to protect employees from fly-by-night companies who cease business owing employees unpaid wages. It would be unconscionable for the State to allow the neglect and oversight of its employees to thwart the intent of the Act.
It is, accordingly, the opinion of the Court that the negligence of the Department of Labor caused the claimants to lose the benefit of the provisions of W.Va. Code Chapter 21, Article 5, Section 14, and an award in the amount of $113,000.00 is hereby made.
Award of $113,000.00 to be made to the following named persons in amounts indicated:
James Boggs $1,184.00
Floyd Bowyer $3,336.00
Richard Bryant $2,285.00
Timothy Cook $41,418.00
*87 Charles Cox $1,684.00
Raymond Delp $165.00
Dennis Divers $4,250.00
Ronnie Evans $1,142.00
Charles Fisher $2,662.00
Walter Fletcher $1,275.00
James Gray $7,925.00
Lowery Jennings $1,634.00
Barry Lilly $1,618.00
James Martin $7,414.00
Kenneth Meador $4,545.00
Archie Milam $3,690.00
Jackie Milam $554.00
Albert McMillion $2,689.00
Albert Murdock $1,268.00
Robert Nichols $1,463.00
Gary Prather $892.00
Leslie Sadler $1,676.00
Ronnie Snuffer $864.00
Clifford Stover $1,790.00
Lonnie Stover $605.00
Ernest Taylor $731.00
Ronnie Thompso $4,302.00
Joey Toler $1,251.00
Mark Tucker $1,947.00
C. J. Walker $1,608.00
David Watson $406.00
Aubrey Whitt $1,495.00
Fred Williams $1,403.00
Timothy Williams $1,829.00